**Dated: April 29, 2005**
**The following is ORDERED:**



Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| **LARRY DON KETCHER** ) | Case No. 05-70165 |
| ) | Chapter 7 |
| ) | |
| Debtor. ) | |

### O R D E R

On the 6th day of April, 2005, the Motion to Turn Over Assets, filed by the Trustee; and Objection to Motion to Turn Over Assets, filed by the Debtor; came on for hearing. Appearances were entered at the hearing by Gerald R. Miller, Chapter 7 Trustee, and Terry D. Bigby, Attorney for the Debtor. After oral argument, this Court took the matter under advisement. This Court also took under advisement the Trustee's Objection to Exemption; and Response to Objection to Exemption, filed by the Debtor. After review, this Court does hereby enter its findings and conclusions in conformity with Rule 7052, Fed. R. Bankr. P., in this core proceeding.

Debtor filed for relief under Chapter 7 of the Bankruptcy Code on January 18, 2005. Debtor's

2004 tax returns reflect a Federal income tax refund in the amount of $5,432.00 as well as an Oklahoma income tax refund in the amount of $1,152.00, which were received post-petition. Trustee objects to the exemption of the Additional Child Tax Credit ("ACTC") portion of the refund, totaling $2,416.00. Trustee asks that this Court order Debtor to turnover the refunds to the estate, less the Earned Income Credit ("EIC") in the amount of $1,597.00.

Debtor initially states in his pleadings that the total amount of refunds received totaled $6,393.00 rather than $6,584.00. However, the tax returns reflect a total refund of $6,584.00, and absent other documentation, this Court finds that the total refund was $6,584.00.

Debtor argues that he is entitled to claim as exempt any amount received pursuant to the EIC provisions, stating that $457.00 of social security taxes paid over the EIC is directly attributable to the EIC provisions. Debtor also states that he received $80.00 as Oklahoma EIC, which should be exempt as an amount received pursuant to the EIC provisions.

The Trustee has the burden of proving the claimed exemption is not proper. Fed. R. Bankr. P. 4003(c). Exemptions are to be liberally construed. *In re Kidd,* 101 B.R. 677, 679 (Bankr. E.D. Okla. 1987) (citing *State v. Brown,* 92 Okla. 137, 218 P. 916 (1923)). This Court has previously determined that the ACTC is not exempt. *See In re Johnson,* Case No. 01-73630 (Bankr. E.D. Okla 2002). In looking at the legislative history and purposes of both the EIC and ACTC, this Court concluded that the EIC and ACTC are separate and distinct, and that the Oklahoma Statutes only exempt the EIC. *See, e.g., In re Steinmetz,* 261 B.R. 32 (Bankr. D. Idaho 2001); *In re Dever,* 250 B.R. 701 (Bankr. D. Idaho 2000).

Debtor asserts that the language of Okla. Stat. Ann. tit 31, § 1(A)(25) exempts not only the actual

amount classified as EIC, but also any amount received as a result of the EIC provision. Debtor also argues that Okla. Stat. Ann. tit 68, § 2357.42, which provides for an Oklahoma EIC, arises as a result of the EIC provision.

Trustee argues that the Oklahoma Exemption Statute is very clear in that it exempts the Federal EIC. This Court agrees. This Court has already determined that ACTC is not exempt property, and that the Oklahoma Statutes only exempt the EIC. This Court will not adopt the construction of the statute urged by the Debtor.

IT IS THEREFORE ORDERED that the Objection to Exemption is **granted.**

IT IS FURTHER ORDERED that the Motion to Turn Over Assets is **granted.**

###

3